**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOANNA MCDOWELL,

      Plaintiff,

vs.
                                       Case No. 3:23-cv-417-MMH-MCR

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Upon review of Defendant's Notice of Removal (Doc. 1; Notice), the Court questions whether the Notice is timely. Plaintiff originally brought this action in the Circuit Court in and for St. Johns County, Florida. See Complaint (Doc. 3). The docket and summons from the state court proceedings indicate that Defendant was served with the Complaint on December 13, 2022. See State Court Docket (Doc. 1-6) at 1; Return of Service (Doc. 1-1 at 41). Defendant filed its Notice in this Court on April 10, 2023. See Notice at 1. In the Notice, Defendant asserts that the Notice is timely filed "within the thirty (30) day statutory period for removal under 28 U.S.C. § 1446(b)." Id. at 2. This section of the statute governing removal procedure states, in relevant part:

1

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b). However, it is apparent from the record that Defendant filed the Notice well in excess of the thirty-day period following service of the Complaint.

In light of the foregoing, to the extent Plaintiff believes removal of this action is improper, Plaintiff may file a motion to remand the matter to the state court on or before **May 10, 2023.** If Plaintiff fails to file a timely motion to remand, such failure may be construed as a waiver of any right to challenge the removal of this case.[1]

**DONE AND ORDERED** at Jacksonville, Florida on April 17, 2023.

MARCIA MORALES HOWARD
United States District Judge

---

[1] A "district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c). The requirement that removal be timely is procedural and may therefore be waived. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quotation omitted) (the timeliness of removal, which "'does not go to the question of whether the case originally could have been brought in federal district court,'" is a procedural, not a jurisdictional, defect).

lc11
Copies to:
Counsel of Record